ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY; Redgwick Con-
struction Co ., Inc., Plaintiffs–Appel-
lees,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,
Defendant–Appellant.

No. 99–17543.

D.C. No. CV 98–02829–CAL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Filed June 20, 2001.

Withdrawn Aug. 31, 2001.

Decided Aug. 31, 2001.

Before BEEZER, O'SCANNLAIN, and
W. FLETCHER, Circuit Judges.

ORDER WITHDRAWING DIS-
POSITION AND DENY-
ING REHEARING

This court's memorandum disposition, filed June 20, 2001, is hereby WITH-DRAWN. The attached memorandum will be filed in its stead.

With the filing of this new disposition, the petitions for rehearing, filed respectively by Appellee on June 29, 2001 and by Appellant on July 3, 2001, are DENIED.

## MEMORANDUM *

In this contribution action between two insurance companies, the district court held that Appellant Liberty Mutual Fire Insurance Company ("Liberty") had a duty to defend Redgwick Construction Company ("Redgwick") in the underlying action, and that Liberty was obligated to pay one-half of the attorneys' fees and costs therein. In granting Appellee St. Paul Fire and Marine Insurance Company's ("St. Paul") summary judgment motion, the court further held that Liberty also had a duty to indemnify Redgwick, and that Liberty was liable to St. Paul for one-half of the settlement amount paid by St. Paul on behalf of Redgwick. The district court also denied Appellant Liberty's motion for leave to file a counterclaim against St. Paul. The court further ordered Liberty to pay prejudgment interest to St. Paul. Liberty appeals.

We hold that the district court did not err in finding that Liberty had a duty to defend and indemnify Redgwick in the underlying action. We further hold, however, that the district court erred in granting the summary judgment motion, and may have erred in denying the motion for leave to file a counterclaim. Finally, we hold that the district court erred in awarding prejudgment interest to St. Paul.

## I

Redgwick was the prime contractor in a road-widening project, and was insured by St. Paul. AAA Fence Company ("AAA") was a subcontractor, and was insured by Liberty. AAA's insurance policy with Liberty includes Redgwick as an "additional insured." St. Paul may therefore recover from Liberty for contribution to the extent that Redgwick is entitled to recover under Liberty's policy as such an insured. Liberty's insurance policy covers Redgwick as an additional insured if the damages to the adjoining landowner, Mark Gilbert ("Gilbert"), in the underlying action arising from AAA's work were caused by an "occurrence" and can be characterized as "property damage" as defined in the Liberty policy.

■ The Liberty policy defines as "occurrence" as an "accident." Under California law, an accident is defined as " 'an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause.' " *Hogan v. Midland Nat'l Ins. Co.,* 3 Cal.3d 553, 559, 91 Cal.Rptr. 153, 476 P.2d 825 (1970) (citation omitted). While AAA's construction of the fence was intentional, the problems arising therefrom—the danger that the cattle would break through it and escape the pasture, and Gilbert's ensuing inability to use those pastures for grazing—were unintentional. The problems can therefore be characterized as an "event" or "occurrence" under California law, and the district court did not err in so holding.

Likewise, the district court did not err in holding that the harm to Gilbert, caused by an "occurrence," could be characterized as "property damage" as defined by the policy. In order to fall within the scope of that definition, the harm must have caused "[p]hysical injury to tangible property, including all resulting loss of use of that property . . . . or . . . [l]oss of use of tangible property that is not physically injured." Gilbert's losses were more than merely economic or contractual. He lost the actual use of two pastures due to the defective fence. The district court did not err in deeming these losses to be property damage.

Liberty argues that under its policy's Exclusion (m), it has no duty to cover

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Gilbert's damages. We agree with the district court's conclusion that Exclusion (m) does not apply in this case.

The district court therefore did not err in finding that Liberty had a duty to defend Redgwick in the underlying action. We affirm that holding of the district court.

## II

■ The district court ordered Liberty to reimburse St. Paul for one-half of Redgwick's attorney's fees, as well as one-half of the amount that St. Paul paid on behalf of Redgwick to settle the underlying action with Gilbert. While Liberty has a duty to indemnify Redgwick, its duty is limited. Liberty and St. Paul insured the same kind of risk, but the scope of Liberty's policy (and, hence, liability) was far narrower than that of St. Paul, as it included only liability of Redgwick arising from AAA's work, not that arising from Redgwick's own work.

St. Paul and Liberty paid a total of $200,000 to Gilbert in settlement of his claims against Redgwick and AAA. St. Paul paid $150,000 on behalf of Redgwick, and Liberty paid $50,000 on behalf of AAA. These payments were subject to possible later adjustment between St. Paul and Liberty, based on reassessment of the proper share of liability of Redgwick and AAA. Gilbert's complaint included allegations of damage caused by both Redgwick and AAA. In a deposition, Gilbert estimated that the amount of damage caused by AAA was between 2 and 5 percent of the total damage. If Gilbert's estimate of the damage caused by AAA is correct, Liberty's share of the total settlement should be approximately that amount. Liberty paid $50,000 in the settlement with Gilbert, and the district court ordered Liberty to pay St. Paul, in addition, half of the $150,000 that St. Paul had paid in the settlement. The effect of the district court's order was to allocate $125,000, or 62.5%, of the total $200,000 settlement to Liberty, despite Gilbert's statement that AAA, Liberty's insured, was responsible for only 2 to 5 percent of the damages.

The transcript of the hearing in the district court on the motion for summary judgment makes clear that the district court did not base its allocation decision on an analysis of the actual harm to Gilbert caused by the respective activities of Redgwick and AAA. Because there is a genuine dispute of material fact as to what percentage of the damage was due to AAA's activities, we hold that the district court erred in ordering Liberty to pay half of the $150,000 that St. Paul paid to Gilbert on behalf of Redgwick, in addition to the $50,000 that Liberty had already paid on behalf of AAA.

Liberty sought to file a counterclaim that, if successful, would have resulted in St. Paul reimbursing Liberty for part of the $50,000 it contributed to the $200,000 settlement. The district court denied Liberty leave to file the counterclaim, stating both that the counterclaim was not timely and that it failed on the merits. We conclude that the district court erred in holding that Liberty's counterclaim was without merit. Given Gilbert's statement that Liberty's insured was responsible for only 2 to 5 percent of the damages, and that Liberty's $50,000 payment constituted 25 percent of the settlement, Liberty has a plausible claim that it has paid more than its share of the settlement and that it is therefore entitled to an adjustment in the form of a return of some of the $50,000. At the very least, there is a genuine dispute of material fact as to the share of damage that Liberty should be required to pay. We are not sure whether the district court would have found the counterclaim untimely if it had had a more favorable view of its likely success on the merits. We therefore reverse the district court's

denial of leave to file the proposed counterclaim and remand for reconsideration. We intimate no view on the timeliness of Liberty's motion to file the counterclaim, and on whether the district court would be justified in denying leave to file the counterclaim based on untimeliness.

Further the district court may have erred in allocating attorneys' fees. In particular, we note that the percentage allocation of attorneys' fees awarded by the district court matches the percentage allocation of settlement payments. As discussed above, we reverse the allocation of settlement payments. We reverse and remand to allow the district court to redetermine the allocation of attorneys' fees as appropriate in light of this reversal, and in light of other factors that the district court may deem appropriate on remand.

## III

■ The district court awarded prejudgment interest to St. Paul from March 16, 1998, the date of the settlement agreement in the underlying action, until the date of the entry of judgment. California Civil Code § 3287 provides that when damages due to a person are "certain, or capable of being made certain by calculation, and the right to recover ... is vested in [a person] upon a particular day, [that person] is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." Cal. Civ.Code § 3287(a).

This court has held that "[u]nder section 3287(a), damages are considered certain or capable of being made certain 'where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage.'" *Safeway*

Stores, Inc. v. Nat'l Union Fire Ins. Co., 64 F.3d 1282, 1291 (9th Cir.1995) (citations omitted). This court has put the distinction another way: "While a factual dispute respecting damages will preclude a grant of prejudgment interest under § 3287(a), a legal dispute will not." *Highlands Ins. Co. v. Continental Cas. Co.*, 64 F.3d 514, 521 (9th Cir.1995).

There is a factual dispute as to the amount of damage attributable to the actions of AAA, and the amount of compensation owed by Liberty or by St. Paul will depend on the resolution of this factual dispute. Therefore, an award of prejudgment interest is not appropriate under California law.

Costs on appeal shall be shared by each party equally.

AFFIRMED in part, REVERSED in part, and REMANDED in part.